UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WILLIAM LEE JONES                                   CIVIL ACTION NO.

VERSUS

UNITED STATES OF
AMERICA, DEPARTMENT OF
VETERANS AFFAIRS
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### COMPLAINT

The complaint of WILLIAM LEE JONES, with respect, alleges:

### JURISDICTIONAL BASIS AND VENUE

1.

Defendant, the United States of America, operates the Veteran's Affairs Hospital of New Orleans, Louisiana.

2.

Federal question jurisdiction exists under 28 U.S.C. §1346 (b).

3.

On August 5, 2014, timely administrative claims were presented to the Department of Veterans' Affairs on behalf of complainant.  *See Exhibit No.1.*

4.

Since then, a period in excess of 180 days has elapsed without the administrative claim being adjudicated, thereby permitting complainant to address this court with his claim.

5.

Venue lies in this District, pursuant to 28 U.S.C. §1402 (b) since the complaints which are the subject matter of this is the District in which the acts or omissions o this Complaint took place.

## PARTIES

6.

Complainant, William Lee Jones is a citizen of the State of Louisiana.

7.

Defendant is The United States of America, operating of the Veterans' Affairs Hospital in New Orleans, Louisiana, which provides medical services to Veterans in Louisiana.

## GENERAL ALLEGATIONS

8.

William Lee Jones served in the military for 3 years active duty and 3 years inactive duty in the Army.

9.

Complainant had back surgery on August 9, 2013, to place rods, screws, plates and bone grafts in his lower back, and was discharged on August 16, 2013, with home health.

10.

Complainant returned to the Veteran's Hospital on August 22, 2013, with infection. Surgery was performed to irrigate the surgery site and complainant was discharged on August 30, 2013 with Vancomycin IV to be administered by a caregiver.

11.

Prime Care Home Health came to check complainant on September 3, 2013 and performed blood work on plaintiff.

12.

From September 4, 2013 through September 13, 2013, Prime Care Home Health did not check complainant's blood levels allegedly because it had no orders from complainant's doctors to do so.

13.

The IV Vancomycin was administered by the caregiver twice a day every day from September 3, 2013 through September 13, 2013.

14.

A Prime Care Home Health nurse saw complainant and determined that his Vancomycin levels were never checked while the IV antibiotic was administered.

15.

Complainant as a result had developed fever and other symptoms that required emergent transfer to Tulane Medical Center via ambulance

16.

Complainant was found to be in acute renal failure from Vancomycin toxicity.

17.

The Veterans Affairs Hospital, and the physicians employed thereby, failed to provide an order for home health to Prime Care Home Health for complainant in a timely manner.

18.

Complainant alleges that The Veterans Affairs Hospital, was negligent and/or breached the applicable standard of care, in causing complainant to go into acute renal failure from

Vancomycin toxicity by failing to continue to monitor the complainant's Vancomycin blood levels and/or failure to order home health to monitor complainant's Vancomycin toxicity, all the while having knowledge that complainant was receiving Vancomycin IV twice a day every day.

19.

Because the Veterans Affairs Hospital and its physicians failed to provide home health and/or failed to monitory complainant's Vancomycin levels, complainant became septic and went into renal failure resulting in weeks of hospitalization and severe pain and suffering, mental anguish and emotional distress.

20.

Complainant filed an administrative claim with the Department of Veterans Affairs on August 5, 2014.

21.

The aforementioned administrative claim has either been denied or no action was taken on it by the Department of Veterans' Affairs.

## **CAUSE OF ACTION**

22.

The allegations contained in paragraphs 1 through 21 of this Complaint are incorporated herein by reference as if again fully set forth.

23.

Defendant owed a duty of care to the plaintiff in this case.

24.

Defendant breached its duty of care and failed to conform to the applicable standard of care by failing to provide Prime Care Home Health with an order for home health for complainant.

25.

At all times herein pertinent, Defendant was negligent and breached the applicable standard of care by failing to provide an order for home health, in failing to provide timely and adequate medical care, in failing to exercise due care and caution to prevent the damages sustained by complainant through the negligent medical treatment of complainant.

26.

Defendant did not provide the timely medical services that were required for a patient in complainant's condition and with his medical history.

27.

Defendant failed to provide complainant with adequate medical attention that satisfied the exigencies generally recognized by the medical profession in light of the modern means of communication and teaching, as measured by the standards of the profession, thereby causing the injuries sustained by complainant.

28.

As a direct and proximate result of Defendant's lack of organization, supervision, care and failure to properly monitor and treat complainant, the complainant suffered damages as described below.

## DAMAGES

29.

As a direct and proximate result of the negligence of defendant as alleged herein, complainant has sustained the following damages, past and future:

      a)    Physical pain and suffering;
      b)    Mental anguish and emotional distress;
      c)    Inconvenience and loss of enjoyment of life; and,
      e)    Medical and related expenses.

30.

Complainant hereby demands damages in the amount of the maximum statutory limit allowed by Louisiana law, $500,000.00.

**WHEREFORE**, complainant, WILLIAM LEE JONES prays that after the expirations of all legal delays and due proceedings had, there be judgment in favor of complainant, WILLIAM LEE JONES, in full and true sum of FIVE HUNDRED THOUSAND DOLLARS, $500,000, with legal interest therein from date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

*s/Vincent J. DeSalvo*
Vincent J. DeSalvo
Attorney at Law
7918 Wrenwood Boulevard, Suite A
Baton Rouge, LA 70809
225/927-7035
I.D. #4900